UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16-CV-00606-FDW-DSC

| | |
|---|---|
| JEROME PELZER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HUD HOUSING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on two motions by Defendant, including a Motion to Set Aside State Court Entry of Default (Doc. No. 3) and supporting Memorandum (Doc. No. 3-1), and a Motion to Dismiss pursuant to Rules 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure (Doc. No. 2), supporting Memorandum (Doc. No. 2-1) and Declarations (Doc. Nos. 2-2 and 2-3). For the reasons set forth below, the Court GRANTS Defendant's Motion to Set Aside State Court Entry of Default and GRANTS Defendant's Motion to Dismiss.

As an initial matter, the Court must first address the Motion to Set Aside Entry of Default. The procedural history of this matter is set forth in Defendant's uncontradicted Notice of Removal (Doc. No. 1). In short, Plaintiff initiated this action in District Court for Mecklenburg County, North Carolina, on May 6, 2016, and Plaintiff subsequently obtained entry of default from the Clerk of Court Mecklenburg County on July 25, 2016. The record before this Court does not indicate that Plaintiff sought or obtained a default judgment in the state court proceeding, and according to Defendant's uncontested pleading, Defendant's removal occurred within requisite statutory deadlines.

Having considered the pleadings of record and arguments of the Defendant, the Court

hereby finds that Plaintiff was properly served with Defendant's Motion on August 8, 2016, and an initial response deadline was set for August 25, 2016 (Doc. No. 3). Plaintiff did not file a Response to the instant Motion to Set Aside, and a Roseboro Order subsequently issued September 2, 2016 setting Plaintiff's Response deadline for September 23, 2016 (Doc. No. 6). As of the date of entry of this Order, Plaintiff has not filed a Response to the aforementioned Motion and the deadline for doing so has expired.

Pursuant to Fed. R. Civ. P. 55(c) the Court may set aside an entry of default for good cause. Defendant contends, and the Court, noting no opposition from the Plaintiff, agrees that Defendant has shown good cause as to why the State Court Entry of Default should be set aside, specifically, Defendant has shown that: (1) The United States has not waived its sovereign immunity to allow the United States or its agency, the Department of Housing and Urban Development, to be sued in state court in cases involving allegations of common law torts and the state court lacked subject matter jurisdiction over Plaintiff's claims when it entered the Entry of Default; (2) Neither the named Defendant nor the United States was properly served with process in the state court action; and (3) Upon notice of the filing of the Entry of Default, the United States has moved expeditiously and has not otherwise participated in the state court action.

Having set aside the entry of default, the Court turns to Defendant's Motion to Dismiss. Defendant contends, and the Court, noting no opposition from the Plaintiff, agrees that this action should be dismissed on the grounds that: (1) This Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) as a result of Plaintiff's failure to exhaust administrative remedies; (2) Plaintiff has failed to properly serve the United States and its agency pursuant to the procedure as set forth in Fed. R. Civ. P. 4(i) and dismissal is therefore proper pursuant to Fed. R. Civ. P. 12(b)(4)

and (5) for failure of service and service of process; and (3) Plaintiff's Complaint otherwise fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). As noted above, Plaintiff received a Roseboro Notice allowing him additional time to respond to the Motion to Dismiss. That notice clearly stated in bolded and underlined font, "Plaintiff's failure to respond may result in the Defendants being granted the relief they seek, that is dismissal of the complaint." (Doc. No. 6, p. 2). Plaintiff, however, failed to avail himself of the opportunity to respond, and the time for doing so has expired. After reviewing the pleadings and applicable law, the Court finds that dismissal of the complaint without prejudice is proper here for the reasons stated in Defendant's Motion to Dismiss (Doc. No. 2).

IT IS THEREFORE ORDERED that Defendant's Motion to Set Aside Default (Doc. No. 3) and Defendant's Motion to Dismiss (Doc. No. 2) are GRANTED.

IT IS SO ORDERED.

Signed: October 6, 2016

Frank D. Whitney
Chief United States District Judge